UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

J. PETROCELLI CONTRACTING, INC. and THE TRAVELERS INDEMNITY COMPANY,

Plaintiffs,

-against-

AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,

Defendants.

-------------------------------------------------------------------X

No. ______________

**COMPLAINT**

Plaintiffs, J. Petrocelli Contracting, Inc. ("Petrocelli") and The Travelers Indemnity Company ("Travelers") (collectively, "Plaintiffs"), by their attorneys, Rivkin Radler LLP, as and for their Complaint herein, allege upon information and belief as follows:

## Nature of the Action

1. In this action, Plaintiffs seek a declaration that Defendant, American Empire Surplus Lines Insurance Company ("American Empire"), has a primary and noncontributory duty to defend and to indemnify Petrocelli in an underlying personal injury action (the "Underlying Action") filed by Rafal Szulborski (the "Claimant") seeking damages for alleged injuries he sustained on March 11, 2016 at a construction project (the "Project") in Long Island City, New York (the "Project Site"), as an additional insured under an American Empire general liability policy and excess liability policy (the "American Empire Policies") issued to Trade Off, LLC ("Trade Off"). Plaintiffs also seek a declaration that Houston Casualty Company ("HCC") has a primary duty to defend and to indemnify Petrocelli in the Underlying Action as a named insured under a general liability policy issued by HCC (the "HCC Policy").

**The Parties**

2. At all times relevant hereto, Plaintiff, Petrocelli was and is a New York corporation, with a principal place of business in Nassau County, New York.

3. At all times relevant hereto, Plaintiff, Travelers was and is a Connecticut corporation, with a principal place of business located in Hartford, Connecticut.

4. At all times relevant hereto, Defendant, American Empire was an Ohio corporation with a principal place of business in Ohio.

5. At all times relevant hereto, Defendant, HCC was and is a Texas corporation with a principal place of business in Texas.

**Jurisdiction and Venue**

6. This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. There is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**Insurance Policies**

9. American Empire issued Commercial General Liability Policy, number 15CG0194025, and Excess Liability Policy, number 15CX0194023, to Trade Off, with a total $3 million each occurrence limit of liability (the "American Empire Policies").

10. By endorsement, Petrocelli is an additional insured under the American Empire Policies for liability for "bodily injury" "caused, in whole or in part, by" the acts or omissions of Trade Off or those working on Trade Off's behalf.

11. The American Empire Policies generally provide coverage for sums an insured is

legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

12. By endorsement, coverage under the American Empire Policies for Petrocelli is primary and noncontributory.

13. HCC issued Commercial General Liability Policy, number H13PC30243-00, to 4212 28ST LLC (the "Owner") and 28ST Con LLC ("28ST Con") for the policy period December 17, 2013 to December 17, 2017, with a $2 million each occurrence limit of liability (the "HCC Policy").

14. By endorsement, Petrocelli is a named insured under the HCC Policy "as respects to work being performed in contracts held directly with … Crowne Architectural Systems Inc. …"

15. The HCC Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

16. The "other insurance" condition in the HCC Policy provides that coverage under the HCC Policy is primary.

17. Travelers issued Commercial General Liability Policy, number DT1N-CO-2F486781-IND-15, to Petrocelli for the policy period November 1, 2015 to November 1, 2016, with a $2 million each occurrence limit of liability (the "Travelers Policy").

18. The Travelers Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking damages.

**Background Facts**

19. Prior to March 11, 2016, the Owner owned the Project Site and retained 28ST Con to be the general contractor for the Project.

20. Prior to March 11, 2016, Trade Off entered into a subcontract and agreed to provide skilled and unskilled laborers and to maintain housekeeping for the Project, which included installing Yodock barriers, moving the barriers for truck deliveries, filling the barriers with water, moving them back and forth, and maintaining them (the "Trade Off Subcontract").

21. Pursuant to the Trade Off Subcontract, Trade Off agreed to maintain commercial general liability and excess liability insurance coverage and to name Petrocelli as an additional insured on such insurance.

22. Prior to March 11, 2016, 28ST Con retained Crowne and Midwest Curtainwall Inc. ("Midwest") to furnish all labor, services, materials, installation, supplies, equipment, etc., for the installation of the curtain wall at the Project (the "Crowne Contract").

23. Prior to March 11, 2016, 28ST Con assigned all of its rights, interests and obligations under the Crowne Contract to Petrocelli.

24. Prior to March 11, 2016, Crowne subcontracted a portion of its curtain wall work to Barvip Glass Corp. ("Barvip"), the Claimant's employer.

25. On March 11, 2016, the Claimant was at the Project Site performing work under the Crowne Contract.

26. On March 11, 2016, the Claimant was exiting the Project Site when he was allegedly struck by a metal construction fence that was attached to a Yodock barrier that had not been filled with water or sand and was empty (the "Accident").

27. The Claimant filed the Underlying Action against Petrocelli, Trade Off, and

others in New York Supreme Court, Queens County, under index number 708251/2016, seeking damages for the injuries he allegedly sustained as a result of the Accident.

**Tenders to American Empire and HCC**

28. Plaintiffs timely placed American Empire and HCC on notice of the Underlying Action and tendered Petrocelli's defense and indemnification in the Underlying Action to American Empire and HCC.

29. American Empire has denied a duty to defend or to indemnify Petrocelli in the Underlying Action.

30. By letter dated May 15, 2017, HCC initially agreed to defend and to indemnify Petrocelli under a reservation of rights.

31. HCC has now denied coverage to Petrocelli, refusing to defend and to indemnify Petrocelli in the Underlying Action under the HCC Policy despite several demands by Plaintiff that HCC acknowledge and honor its primary coverage obligation to Petrocelli.

32. An actual controversy exists between Plaintiffs and American Empire and HCC with respect to American Empire's and HCC's respective duty to defend and to indemnify Petrocelli in the Underlying Action.

33. Plaintiffs have no adequate remedy at law.

**Claim for Declaratory Relief**

34. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "33" as if fully set forth herein.

35. The American Empire Policies were in full effect on the date of the Accident.

36. All terms and conditions of the American Empire Policies, including payment of premiums, have been complied with and met.

37. The Accident and the Underlying Action fall within the coverage afforded by the American Empire Policies.

38. The Claimant's alleged "bodily injury" was "caused, in whole or in part, by" Trade Off's acts or omissions.

39. Pursuant to the American Empire Policies, American Empire has a primary and noncontributory duty to defend and to indemnify Petrocelli in the Underlying Action.

**Claim for Declaratory Relief**

40. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "39" as if fully set forth herein.

41. The HCC Policy was in full effect on the date of the Accident.

42. All terms and conditions of the HCC Policy, including payment of premiums, have been complied with and met.

43. The Accident and the Underlying Action fall within the coverage afforded by the HCC Policy.

44. The Accident and Underlying Action arise out of the work being performed under the Crowne Contract.

45. Pursuant to the HCC Policy, HCC has a primary duty to defend and to indemnify Petrocelli in the Underlying Action.

**Claim for Breach of Contract**

46. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "45" as if fully set forth herein.

47. The American Empire Policies were in full effect on the date of the Accident.

48. The Accident and the Underlying Action fall within the coverage afforded by the

American Empire Policies.

49. All terms and conditions of the American Empire Policies, including payment of premiums, have been complied with and met.

50. American Empire has breached its obligation to defend and to indemnify Petrocelli in the Underlying Action.

51. Plaintiffs have suffered and will continue to suffer on account of American Empire's failure to fulfill its primary and noncontributory obligations under the American Empire Policies and, as such, American Empire is liable for any and all damages by virtue of its breach of its obligations.

**Claim for Breach of Contract**

52. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "51" as if fully set forth herein.

53. The HCC Policy was in full effect on the date of the Accident.

54. The Accident and the Underlying Action fall within the coverage afforded by the HCC Policy.

55. All terms and conditions of the HCC Policy, including payment of premiums, have been complied with and met.

56. HCC has breached its obligation to defend and to indemnify Petrocelli in the Underlying Action.

57. Plaintiffs have suffered and will continue to suffer on account of HCC's failure to fulfill its obligations under the HCC Policy and, as such, HCC is liable for any and all damages by virtue of its breach of its obligations.

**Claim for Contribution**

58. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "57" as if fully set forth herein.

59. American Empire has a primary and noncontributory obligation to defend and to indemnify Petrocelli in the Underlying Action.

60. American Empire has refused to defend and to indemnity Petrocelli in the Underlying Action.

61. As a result of American Empire's refusal to defend and to indemnify Petrocelli in the Underlying Action, Travelers is required to defend and indemnify Petrocelli in the Underlying Action.

62. Plaintiffs are entitled to equitable contribution from American Empire for amounts paid to defend and to indemnify Petrocelli in the Underlying Action.

**Claim for Contribution**

63. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "62" as if fully set forth herein.

64. HCC is obligated to defend and to indemnify Petrocelli in the Underlying Action.

65. HCC has refused to defend and to indemnity Petrocelli in the Underlying Action.

66. As a result of HCC's refusal to defend and to indemnify Petrocelli in the Underlying Action, Travelers is required to defend and indemnify Petrocelli in the Underlying Action.

67. Plaintiffs are entitled to equitable contribution from HCC for amounts paid to defend and to indemnify Petrocelli in the Underlying Action.

**Claim for Indemnification**

68. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph"67" as if fully set forth herein.

69. American Empire has a primary and noncontributory obligation to defend and to indemnify Petrocelli in the Underlying Action.

70. American Empire has refused to defend and to indemnify Petrocelli in the Underlying Action.

71. As a result of American Empire's refusal to defend and to indemnify Petrocelli in the Underlying Action, Travelers is required to defend and to indemnify Petrocelli in the Underlying Action.

72. Plaintiffs are entitled to indemnification from American Empire for amounts paid to defend and to indemnify Petrocelli in the Underlying Action.

**Claim for Indemnification**

73. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "72" as if fully set forth herein.

74. HCC is obligated to defend and to indemnify Petrocelli in the Underlying Action.

75. HCC has refused to defend and to indemnify Petrocelli in the Underlying Action.

76. As a result of HCC's refusal to defend and to indemnify Petrocelli in the Underlying Action, Travelers is required to defend and to indemnify Petrocelli in the Underlying Action.

77. Plaintiffs are entitled to indemnification from HCC for amounts paid to defend and to indemnify Petrocelli in the Underlying Action.

**Prayer For Relief**

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment as follows:

a) Declaring that American Empire has a primary and noncontributory duty to defend and to indemnify Petrocelli in the Underlying Action under the American Empire Policies;

b) Declaring that HCC has a primary duty to defend and to indemnify Petrocelli in the Underlying Action;

c) Awarding Plaintiffs all damages incurred by virtue of American Empire's breach of its obligation to defend and to indemnify Petrocelli in the Underlying Action;

d) Awarding Plaintiffs all damages incurred by virtue of HCC's breach of its obligation to defend and to indemnify Petrocelli in the Underlying Action;

e) Awarding Plaintiffs equitable contribution from American Empire for amounts paid to defend and to indemnify Petrocelli in the Underlying Action;

f) Awarding Plaintiffs equitable contribution from HCC for amounts paid to defend and to indemnify Petrocelli in the Underlying Action;

g) Awarding Plaintiffs indemnification from American Empire for amounts paid to defend and to indemnify Petrocelli in the Underlying Action;

h) Awarding Plaintiffs indemnification from HCC for amounts paid to defend and to indemnify Petrocelli in the Underlying Action; and

i) Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: Uniondale, New York
November 2, 2023

RIVKIN RADLER LLP
Attorneys for Plaintiffs

By: Joanne M. Engeldrum

Joanne M. Engeldrum, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000